559 A.2d 584

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Roland HART, Appellee.**

Superior Court of Pennsylvania.

Argued April 11, 1989.

Filed June 5, 1989.

574

Linda Perkins, Assistant District Attorney, Philadelphia, for Com., appellant.

Gwendolyn Bright, Assistant Public Defender, Philadelphia, for appellee.

Before CAVANAUGH, OLSZEWSKI and HOFFMAN, JJ.

OLSZEWSKI, Judge:

This is an appeal from the order of the Court of Common Pleas of Philadelphia County granting appellee's writ of certiorari and vacating his conviction for harassment by communication. On appeal, the Commonwealth argues that the evidence presented was sufficient to establish appellee's guilt. For the foregoing reasons, we vacate the order of the trial court and reinstate the judgment of sentence.

On June 26, 1987, at approximately 7:30 a.m., Joseph Brock, President of Local 830 of the Teamsters Union, listened to four or five consecutive telephone calls from appellee. The calls had been recorded on the union's answering machine located in its office in the City of Philadelphia. The messages consisted of appellee's use of obscene language, coupled with threats to blow up the union headquarters. Appellee also specifically threatened to kill Mr. Sid Marrama, the secretary/treasurer for the union, his family, and union employees.

Appellee was tried in the Municipal Court of Philadelphia for the crimes of terroristic threats [1] and harassment by communication.[2] After a finding of guilt as to the harassment by communication charge, appellee was sentenced to

1. 18 Pa.C.S.A. § 2706.
2. 18 Pa.C.S.A. § 5504.

fines and costs totaling $125.00. Appellee then filed a petition for a writ of certiorari in the Court of Common Pleas of Philadelphia County, alleging that the evidence was insufficient to support the guilty verdict. The court, without hearing argument, granted the writ and vacated appellee's conviction. After unsuccessfully seeking reconsideration, the Commonwealth filed the instant appeal.

Appellant raises one issue for our review: whether sufficient evidence was introduced to support a finding of guilt for the crime of harassment by communication. The Commonwealth argues that the acts of appellee in making five consecutive phone calls to union headquarters and threatening to blow up the building and kill union employees and officials fall within the confines of § 5504. According to the Commonwealth, appellee demonstrated his obvious intent to both harass and terrorize the listener; the mere fact that the phone calls were intercepted by an answering machine prior to being heard by the witness was irrelevant.

Appellee counters that he did not act with the statutorily required "intent to harass." He claims that the phone calls were made for a legitimate purpose—to register a complaint about his recent loss of employment and the union's apparent failure to help him find other work.

In its opinion, the trial court posits that § 5504 was not intended to prohibit the type of conduct exhibited by appellee. According to the court, this section was intended to prohibit conduct of a continuing nature of the type the Commonwealth unsuccessfully tried to prove.[3] In making this conclusion, the court found guidance in the harassment provisions of 18 Pa.C.S.A. § 2709.[4] Moreover, the trial court stated that it was highly unlikely the legislature ever intended § 5504 to be applied to situations in which a

---

**3.** On re-direct examination, the Commonwealth attempted to introduce evidence of 54 other phone calls made by appellee. This evidence, however, was met with an objection by defense counsel which was sustained by the trial court. Apparently, the trial court ruled the evidence inadmissible as being beyond the scope of cross-examination. No other attempt was made by the Commonwealth to admit this evidence.

**4.** Section 2709 entitled "Harassment" provides in pertinent part:

telephone answering machine was used, as the statute was enacted prior to the widespread use of such machines. Finally, the court opined that § 5504 and its predecessor, 18 P.S. § 4414.1, were intended to prohibit anonymous communication, which was not the case here.

What we are faced with today is the proper interpretation of § 5504. When faced with such a situation, it is the duty of this Court to ascertain and effectuate the intention of the legislature. *Commonwealth v. McFarren,* 514 Pa. 411, 525 A.2d 1185 (1987). In so doing we are guided by the provisions of the Statutory Construction Act, 1 Pa.C.S.A. § 1901, *et seq.* Under this Act, when the wording of the statute in question is clear and free from ambiguity, we are to follow the letter, and not the spirit, of the law. 1 Pa.C.S.A. § 1921(b).

 Harassment by communication or address provides in pertinent part:

§ 5504. Harassment by communication or address

(a) Offense defined.—*A person commits a misdemeanor of the third degree if, with intent to harass another, he:*

(1) *makes a telephone call* without intent of legitimate communication *or addresses to or about such other person any lascivious or indecent words or language* or anonymously telephones another person repeatedly; *or*

(2) *makes repeated communications* anonymously or at extremely inconvenient hours, or *in offensively coarse language.*

18 Pa.C.S.A. § 5504(a) (emphasis added).

Section 5504 was derived from 18 P.S. § 4414.1 (repealed), entitled "Malicious use of telephones." In the official com-

A person commits a summary offense when, with intent to harass, annoy or alarm another person:

\* \* \* \* \* \*

(3) he engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose.

18 Pa.C.S.A. § 2709.

ment to § 5504, it is noted that "this section makes no substantial change in the existing law," which provided in pertinent part:

§ 4414.1 Malicious use of telephones

*Whoever telephones another person and addresses to or about such other person any lewd, lascivious or indecent words, language, suggestion or proposal,* or solicitation to engage in fornication or any other immoral act, or whoever anonymously telephones another person repeatedly for the purpose of annoying, molesting or harassing such other person or his or her family, *is guilty of a misdemeanor ...*

18 P.S. § 4414.1 (repealed) (emphasis added).

As set forth above, § 5504 is clear on its face. By its very terms and legislative history, § 5504 explicitly sanctions three types of telephone calls: (1) calls made without the intent of legitimate communication; (2) calls using lewd, lascivious, or indecent language; and (3) repeated calls made anonymously. To the extent that the trial court disagrees, it has clearly committed error.

Turning to the statutory *mens rea* requirement of § 5504, we are guided by the analysis set forth in the case of *Commonwealth v. Kozinn*, 381 Pa.Super. 64, 552 A.2d 1096 (1989). In addressing the proper interpretation of the statutory phrase "with intent to harass," this Court noted:

The law does not permit an actor to avoid the consequences of his conduct by disclaimers of an intent to injure or harm or offend or "harass." Rather, the law obliges the factfinder to rely for the discernment of intent upon demonstrative manifestation of that intent. Every action produces a reaction, every act has an effect. The nature or essence of an act is most often, and usually convincingly, determined by its effect or result. When an individual *knows or should know* the consequences of his act, he is presumed to be aware of the nature of his act, and his decision to perform the act is a manifestation of his intent to effect the results of his act. The assigned task of the jury was to determine whether appellant *knew*

*or should have known* that an effect of his call would be to harass the listener.

*Id.*, 381 Pa.Superior Ct. at 68, 552 A.2d at 1098.

Keeping this analysis in mind, we can come to no other conclusion but that appellee is guilty of violating § 5504. It is not disputed that appellee made a number of phone calls which were recorded on the victim's answering machine. It is equally undisputed that those messages consisted of obscene language coupled with threats of death and destruction to various members of the union, including the listener. The mere fact that appellee may have been upset at the union's failure to assist him in obtaining employment does not negate his obvious intent to harass his listener. By the very nature of the language used, appellee no doubt knew, or should have known, that his messages would inflict terror on the listener as well as other members of the union. Any privilege enjoyed by appellee due to his recent difficulty in obtaining employment was lost the moment he began his tirade against union officials. To hold otherwise would render § 5504 meaningless.

Both appellee and the trial court argue that § 5504 was intended only to prohibit conduct of a continuing nature such as is proscribed by the general harassment provisions of § 2709(3). We disagree. Section 2709 has no application here for two reasons: first, appellee has not been charged under that section; and second, while § 2709(3) speaks of a "course of conduct," § 5504 explicitly provides sanctions for a single telephone call falling within one of its prohibited areas of communication.

Moreover, we find unavailing the court's conclusion that § 5504 was not intended to be applied to situations where an answering machine was used. To argue that a person can escape punishment for obvious threatening phone calls solely on the basis that those calls were initially received by an answering machine simply defies logic.[5] How a tele-

5. Other jurisdictions have had occasion to address this argument. In *State v. Placke*, 733 S.W.2d 847 (Mo.App.1987), the Missouri Court of Appeals held that a harassment conviction under a statute similar to

phone message can be deemed any less threatening when recorded first on an answering machine is beyond the comprehension of this Court. So, too, is the court's position regarding anonymity. As we interpret § 5504, both anonymous and non-anonymous communications are explicitly proscribed.

We are satisfied in this particular case that the evidence presented by the Commonwealth established beyond any doubt that appellee was guilty of harassment by communication. Therefore, we have no alternative but to vacate the order of the trial court granting appellee's writ of certiorari.

Order vacated. Judgment of sentence reinstated.

§ 5504 was proper despite the fact that the calls were received by an answering machine rather than directly by the victim. As the Court aptly noted, "... the very purpose of an answering machine is to ensure that the owner will receive all messages communicated throughout the day." *Id.* at 849.