COMMONWEALTH of Pennsylvania,
Appellee

v.

Patrick Anthony DUDA, Appellant.

Superior Court of Pennsylvania.

Submitted May 19, 2003.
Filed Aug. 25, 2003.

Before: DEL SOLE, P.J., GRACI and BECK, JJ.

DEL SOLE, P.J.:

¶ 1 Appellant Patrick Duda was found guilty, after a non-jury trial, of summary harassment. He was sentenced to ninety days' incarceration. This appeal followed.

¶ 2 Appellant raises the following issues on appeal:

I. DID THE TRIAL COURT ERR WHEN IT OVERRULED DEFENDANT'S OBJECTION TO THE AMENDING OF THE CRIMINAL COMPLAINT DEPRIVING MR. DUDA OF HIS PENNSYLVANIA AND UNITED STATES CONSTITUTIONAL RIGHT TO DUE PROCESS?

\* \* \*

II. HAS THE COMMONWEALTH PROVIDED SUFFICIENT EVIDENCE TO PROVE ALL ELEMENTS OF THE OFFENSE OF SUMMARY HARASSMENT?

III. DOES THE RECENT DECISION IN *COMMONWEALTH V. GRANT*, WHERE THE PENNSYLVANIA SUPREME COURT SET FORTH A NEW RULE REGARDING THE CONSIDERATION OF INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS THAT ARE RAISED ON THE DIRECT APPEAL FROM A DEFENDANT'S JUDGMENT OF SENTENCE, MANDATE THE DENIAL OF THE INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS RAISED IN MR. [DUDA'S] APPEAL?

Appellant's Brief at 5.

¶ 3 On November 3, 2000, Appellant and Mrs. Duda, who were recently separated,[1] agreed that he would take the couple's children to Mrs. Duda's home for visitation. When they arrived at Mrs. Duda's, however, Appellant refused to drop off the children because he believed that Mrs. Duda's boyfriend was in the home. Shortly thereafter Mrs. Duda received a call from Appellant in which he yelled and screamed obscenities at her. He also threatened to kill her, and vowed that she would never see her children again. After Mrs. Duda hung up the phone, Appellant called again making the same threats. Mrs. Duda then called the local police complaining that Appellant was harassing her. After an officer arrived, Appellant called again. Mrs. Duda gave the phone to the officer who had to hold the phone away from his ear because of Appellant's loud screaming. At that point both the officer and Mrs. Duda could hear Appellant's continued threats and obscenities. Subsequently, Appellant was charged with harassment by communication. Just before trial, however, the Commonwealth moved and was granted leave to amend its

---

1. As a result of their separation, Appellant was granted custody of the couple's three children and also received a protection from abuse order against Mrs. Duda.

complaint to reduce the charge to summary harassment.

■ ¶ 4 Initially, we address Appellant's argument that the Commonwealth has not provided sufficient evidence to prove the elements of the summary offense of harassment. When reviewing a sufficiency of the evidence claim, this Court must view the evidence in the light most favorable to the verdict winner, in this case the Commonwealth, to determine whether the factfinder could have found every element of the crime. *Commonwealth v. Rivera,* 565 Pa. 289, 773 A.2d 131, 135 (2001).

¶ 5 The offense of summary harassment is set fourth in Section 2709 of the Pennsylvania Crimes Code as follows:

§ 2709. Harassment and stalking

(a) Harassment. A person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person:

* * *

(3) engages in a course of conduct or repeatedly commits acts which serve no legitimate purpose.

18 Pa.C.S.A. § 2709.

¶ 6 Appellant first claims that the Commonwealth failed to prove that Appellant's calls were made with the intent to harass. This Court has held that "with intent to harass," in phone-call related cases, requires a determination of whether the caller knew or should have known that the effect of the call would be to harass the listener. *Commonwealth v. Hart,* 384 Pa.Super. 573, 559 A.2d 584, 587 (1989). The use of obscene language and threats of death satisfy this requirement. *Id.*

■ ¶ 7 Appellant also claims that the Commonwealth failed to prove that the calls made to Mrs. Duda constituted a "course of conduct." The Pennsylvania Crimes Code defines course of conduct as,

"[a] pattern of actions composed of more than one act over a period of time, **however short**, evidencing a continuity of conduct." 18 Pa.C.S.A. § 2709(f) (emphasis added). In this case Appellant repeatedly called Mrs. Duda's home. Even though the period was of relatively short duration, under the above definition, Appellant's repeated calls were sufficient to prove a course of conduct.

■ ¶ 8 Finally, Appellant claims that the Commonwealth failed to prove that the calls did not serve any "legitimate purpose." Appellant claims the calls served the legitimate purpose of discussing visitation rights with Mrs. Duda. However, given Appellant's use of obscenities and threats during the calls, one could not conclude that Appellant was serving a legitimate purpose by making the calls.

¶ 9 Appellant next claims that he was deprived of his right to a jury trial when the trial court overruled defendant's objection to the amending of the criminal complaint. Appellant correctly states the established rule that there is no Constitutional right to a jury trial for crimes that carry a maximum sentence of less then six months. *Commonwealth v. Mayberry,* 459 Pa. 91, 327 A.2d 86, 89 (1974). Appellant argues that the Commonwealth intentionally deprived him of his right to a jury trial by amending the complaint to a crime that does not require a jury trial. The only evidence Appellant offers to support this claim, however, is that the motion to amend was made after Appellant's request for a jury trial. Appellant offers no other proof to support his theory of intentional deprivation. Therefore this claim is without merit.

■ ¶ 10 Appellant next posits that the trial court erred in granting the amendment because the offenses of summary harassment and harassment by communication are different for the purposes

of Pa.R.Crim.P. 564 (stating that "[t]he court may allow an information to be amended ... provided the information as amended does not charge an additional or different offense"). This Court has stated that "the purpose of the above rule is to ensure that a defendant is fully apprised of the charges, and to avoid prejudice by prohibiting the last minute addition of alleged criminal acts of which the defendant is uninformed." *Commonwealth v. J.F.*, 800 A.2d 942, 945 (Pa.Super.2002). The test to be applied is:

> [W]hether the crimes specified in the original indictment or information involve the same basic elements and evolved out of the same factual situation as the crimes specified in the amended indictment or information. If so, then the defendant is deemed to have been placed on notice regarding his alleged criminal conduct.

*Id.*

¶ 11 This Court has previously held that the two statutes, 18 Pa.C.S.A. § 5504 (harassment and stalking by communication or address) and 18 Pa.C.S.A. § 2709 (summary harassment) are "virtually identical" with the exception that, in harassment by communication, the course of conduct takes place through some method of communication. *Commonwealth v. D'Collanfield*, 805 A.2d 1244, 1248 (Pa.Super.2002). Given the similarities between the two statutes, the amending of the information did not preclude Appellant from being fully apprised of the charges against him. Therefore the trial court did not err in granting the amendment.

▮ ¶ 12 Appellant next argues that trial counsel was ineffective for failing to object to the imposition of a harsher penalty and an illegal sentence. The general rule, announced in *Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726 (2002), states that a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review. Normally this Court would dismiss Appellant's ineffectiveness claim without prejudice. *Grant*, 813 A.2d at 739.

▮ ¶ 13 Appellant argues, however, that the decision in *Grant* does not preclude this Court from hearing Appellant's claim of ineffective counsel on direct appeal. We agree. Recently in *Commonwealth v. Ingold*, 823 A.2d 917 (Pa.Super.2003), this Court found, in a similar case, that where the appellant was convicted of summary harassment, *Grant* would not bar consideration of Appellant's ineffectiveness claims on direct appeal. This Court reasoned that if Appellant were to wait for collateral review under the PCRA, because of the short length of his sentence, he would be ineligible for relief. *See* 42 Pa.C.S.A. § 9543(a)(1)(i) (stating that a petitioner is not eligible for relief under the PCRA unless he is "currently serving a sentence of imprisonment, probation or parole for the crime"). Similarly, in this case, if Appellant's claim of ineffective counsel were to be dismissed on direct appeal, Appellant would be unable to bring that claim in the future. Therefore we will proceed to assess the merits of Appellant's ineffective counsel claim.

▮ ¶ 14 In an ineffectiveness claim the starting point is that counsel is presumed to be effective. *Commonwealth v. Miller*, 572 Pa. 623, 819 A.2d 504 (2002). Trial counsel will not be considered ineffective for failing to raise a meritless claim. *Commonwealth v. Giknis*, 491 Pa. 215, 420 A.2d 419, 421 (1980). Furthermore, counsel will not be deemed ineffective unless there is a reasonable probability that the act or omission prejudiced Appellant in such a way that the outcome of the proceeding would have been differ-

ent. *Commonwealth v. Kimball*, 555 Pa. 299, 724 A.2d 326, 331 (1999).

¶ 15 Appellant argues that counsel was ineffective for not objecting to the amending of the criminal complaint on the grounds that it subjected him to a harsher penalty than was prescribed under the original charge of harassment by communication, and thus deprived him of his right to due process. However, as the trial court's opinion correctly states, the initial charge of harassment by communication, a misdemeanor in the third degree, carries with it a possible sentence of no less than six nor more than twelve months, while the amended charge of summary harassment prescribes only a maximum sentence not to exceed ninety days and a fine of $300.00. Therefore any claim of a harsher sentence upon amendment is clearly erroneous.

¶ 16 Appellant contends that, given the sentencing guidelines for a third degree misdemeanor such as harassment by communication, the net resulting sentence is shorter. However the guidelines are not the sentence. Indeed, the lower court is not even obliged to follow them and is free to sentence outside of the guidelines. *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617, 621 (2002). Appellant could just as easily have been sentenced to the possible six to twelve month term had harassment by communication remained the charge. Thus, Appellant's claim that he received a harsher punishment due to the granted amendment is without merit, and therefore trial counsel was not ineffective for failing to object on these grounds.

¶ 17 Moreover, trial counsel did object to the motion to amend the complaint on other grounds and was overruled.

N.T., 5/22/02, at 3 (trial counsel objected on grounds motion to amend would deprive Appellant of jury trial). The mere allegation that trial counsel pursued a wrong course of action will not make out a finding of ineffectiveness. *Commonwealth v. Savage*, 529 Pa. 108, 602 A.2d 309, 311 (1992).

¶ 18 Appellant also argues that trial counsel was ineffective for failing to object to an illegal sentence.[2] Citing 42 Pa.C.S.A. § 9756(a) and (b), Appellant correctly claims that the ninety-day sentence imposed was illegal because no minimum sentence was included. This Court has held that § 9756 requires a minimum sentence for a summary harassment conviction. *Commonwealth v. Barzyk*, 692 A.2d 211, 215 (Pa.Super.1997).

¶ 19 While the standard remedy for a trial court's omission of a minimum sentence is to vacate the judgment and remand for resentencing, *Commonwealth v. Cain*, 432 Pa.Super. 47, 637 A.2d 656, 658–659 (1994), where the sentencing court clearly intended to impose the maximum sentence this Court can amend the sentence to include a minimum term equal to one-half of the maximum. *Id.*

¶ 20 In this case given that the maximum possible sentence for summary harassment is ninety days, we are confident that the trial court intended to impose the maximum sentence. Therefore this Court amends Appellant's sentence to include a minimum term equal to one-half of the maximum of ninety days or forty-five days' incarceration.

¶ 21 Judgment of sentence is affirmed as amended.

---

**2.** An illegal sentence claim can never be waived, *Commonwealth v. Archer*, 722 A.2d 203, 209 (Pa.Super.1998), and we therefore do not address this issue under an ineffective counsel analysis.