J-S63043-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEFFREY WALTER STRAMA, JR., | |
| Appellant | No. 676 MDA 2014 |

Appeal from the Judgment of Sentence March 5, 2014
in the Court of Common Pleas of Lancaster County
Criminal Division at No.: CP-36-CR-0001483-2013

BEFORE:  BOWES, J., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED JANUARY 14, 2015**

Appellant, Jeffrey Walter Strama, Jr., appeals from the judgment of sentence imposed following entry of a guilty plea to burglary, intimidation of witnesses, unlawful restraint, terroristic threats, simple assault (four counts), criminal mischief, cruelty to animals, and possession of marijuana (small amount).[1]  Appellant claims that the sentence imposed on the summary offense of cruelty to animals is illegal.  We agree and affirm the judgment of sentence, as amended.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3502(a)(1), 4952(a)(1), 2902(a)(1), 2706(a)(1), 2701(a)(1),(a)(3), 3304(a)(5), 5511(c)(1) (summary offense), and 35 P.S. § 780-113(a)(31), respectively.

On December 6, 2013, Appellant entered a guilty plea to the above-stated offenses, and the trial court ordered preparation of a pre-sentence investigation (PSI) report. The charges stem from Appellant's February 9, 2013 assault of his then-girlfriend, during which he punched her, choked her, and threatened her with a hatchet, after she attempted to stop him from hitting their dog with a handmade club. On March 5, 2014, the court sentenced Appellant to an aggregate term of not less than five years and ninety days nor more than ten years' incarceration, followed by five years' probation. The court imposed a flat ninety-day term of incarceration for the offense of cruelty to animals, rather than a minimum and maximum sentence. Appellant filed a timely post-sentence motion, which the trial court denied on March 17, 2014. This timely appeal followed.[2]

Appellant raises one question for our review:

> I. Was [Appellant's] flat ninety-day sentence for cruelty to animals illegal, as the [trial] court was required to impose a minimum and maximum sentence, pursuant to 42 Pa.C.S. § 9756?

(Appellant's Brief, at 5).[3]

---

[2] Pursuant to the trial court's order, Appellant filed a timely concise statement of errors complained of on appeal on May 12, 2014. **See** Pa.R.A.P. 1925(b). The trial court filed a Rule 1925(a) opinion on June 10, 2014. **See** Pa.R.A.P. 1925(a).

[3] The Commonwealth filed a letter stating its intention not to file a brief. (**See** Commonwealth's Letter, 8/28/14, at 1).

The scope and standard of review applied to determine the legality of a sentence are well established. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. In evaluating a trial court's application of a statute, our standard of review is plenary and is limited to determining whether the trial court committed an error of law.

*Commonwealth v. Mears*, 972 A.2d 1210, 1211 (Pa. Super. 2009) (citation omitted).

In his sole issue on appeal, Appellant contends that the flat ninety-day sentence of incarceration for his summary offense of cruelty to animals is illegal because the court was required to impose a minimum and maximum sentence for the offense. (*See* Appellant's Brief, at 9-11). The trial court agrees, stating in its Rule 1925(a) opinion that Appellant's sentence is illegal. (*See* Trial Court Opinion, 6/10/14, at 1). We agree that the sentence is illegal.

Section 5511 of the Pennsylvania Crimes Code, titled "Cruelty to animals," provides in pertinent part:

> **(m.1) Fine for summary offense.**—In addition to any other penalty provided by law, a person convicted of a summary offense under this section shall pay a fine of not less than $50 nor more than $750 or to imprisonment for not more than 90 days, or both.

18 Pa.C.S.A. § 5511 (m.1); *see also id.* at (c)(1), (2)(i).

Section 9756(c) of the Sentencing Code, pertaining to sentences of total confinement for summary offenses, provides in relevant part:

> **(c) Prohibition of parole for summary offenses.**—The court may impose a sentence to imprisonment without the right to parole under this subsection only when:

(1) a summary offense is charged;

(2) sentence is imposed for nonpayment of fines or costs, or both, in which case the sentence shall specify the number of days to be served; and

(3) the maximum term or terms of imprisonment imposed on one or more indictments to run consecutively or concurrently total less than 30 days.

42 Pa.C.S.A. § 9756(c)(1)-(3).[4]

Thus, the plain language of subsection (c) authorizes trial courts to impose flat sentences of incarceration for summary offenses only when the sentence is imposed for nonpayment of fines and/or costs and the maximum term of incarceration is less than thirty days. *See id.* Here, Appellant's flat ninety-day sentence for his summary offense of cruelty to animals does not meet the requirements of subsection (c), and is therefore illegal. *See Mears*, *supra* at 1211. Although the trial court was authorized pursuant to

_____

[4] We note that Appellant relies primarily on section 9756(b)(1) of statute, (*see* Appellant's Brief, at 9-10), which states "[t]he court shall impose a minimum sentence of confinement which shall not exceed one-half of the maximum sentence imposed." 42 Pa.C.S.A. § 9756(b)(1). However, because "42 Pa.C.S.[A.] § 9756(b) applies to the sentencing of all crimes, it is a general provision." *Commonwealth v. Klingensmith*, 650 A.2d 444, 461 (Pa. Super. 1994), *appeal denied*, 659 A.2d 986 (Pa. 1995). Subsection (c) governs summary offenses and implicitly creates a limited exception to subsection (b)(1) by authorizing trial courts to impose flat sentences for summary offenses where three specific requirements are met. *See* 42 Pa.C.S.A. § 9756(c)(1)-(3); *Klingensmith*, *supra* at 461 (stating rule that "[w]here two statutory sections arguably cover the same matter and appear to be inconsistent, the specific provision will prevail over the general provision") (citing 1 Pa.C.S.A. § 1933) (case citation omitted).

18 Pa.C.S.A. § 5511 (m.1) to impose a ninety-day maximum term of incarceration, it lacked authority to impose a flat ninety-day sentence, and was therefore required to impose a minimum term of incarceration. **See** 42 Pa.C.S.A. § 9756(b)(1).

We are cognizant that the standard remedy for a trial court's omission of a minimum sentence is to vacate the judgment of sentence and remand for resentencing. **See Commonwealth v. Duda**, 831 A.2d 728, 733 (Pa. Super. 2003). However, under circumstances "where the sentencing court clearly intended to impose the maximum sentence this Court can amend the sentence to include a minimum term equal to one-half of the maximum." **Id.** (amending flat sentence to include minimum term of incarceration where court imposed maximum possible sentence for summary offense) (citing **Commonwealth v. Cain**, 637 A.2d 656, 659 (Pa. Super. 1994) (amending flat sentence to include minimum term of incarceration equal to one-half maximum under circumstances where sentencing court clearly intended to impose maximum sentence)).

Here, because the trial court imposed the maximum possible sentence of incarceration for Appellant's summary offense, we are confident that it intended to impose the maximum sentence. (**See** N.T. Sentencing, 3/05/14, at 15 (court stating "[Appellant] committed some heinous crimes here.")); **see also Duda**, **supra** at 733. Therefore, we amend Appellant's ninety-day sentence to include a minimum term of forty-five days' incarceration. **See Duda**, **supra** at 733; **Cain**, **supra** at 659.

Judgment of sentence affirmed as amended.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/14/2015