J-S61013-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEPHEN FREDERICK BAKER, JR. | |
| Appellant | No. 476 MDA 2015 |

Appeal from the PCRA Order November 19, 2009
In the Court of Common Pleas of Huntingdon County
Criminal Division at No(s): CP-31-CR-0000013-2005

BEFORE: PANELLA, J., WECHT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY PANELLA, J.                 **FILED NOVEMBER 30, 2015**

Appellant, Stephen Frederick Baker, Jr., appeals from the PCRA[1] order entered on November 19, 2009, in the Court of Common Pleas of Huntingdon County. We affirm.

On September 11, 2006, Appellant entered a guilty plea to two counts of murder of the second degree and one count of persons not to possess firearms[2] and was sentenced to life imprisonment. On September 20, 2006, Appellant filed a post-sentence motion to withdraw his guilty plea, which the trial court denied. On appeal, this Court affirmed Appellant's judgment of sentence, and ordered that Appellant's remaining claims of ineffective

_____

[*] Retired Senior Judge assigned to the Superior Court.
[1] Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546.
[2] 18 Pa.C.S.A. §§ 2502(b) and 6105(a)(1), respectively.

assistance of trial counsel should be deferred until collateral review. **See Commonwealth v. Baker**, 738 MDA 2007 (Pa. Super., filed Feb. 12, 2008) (unpublished mem.).

Appellant filed a timely PCRA petition, after which counsel was appointed. Following a hearing, the PCRA court denied Appellant's petition. Appellant did not pursue a timely appeal with this Court; however, years later, the PCRA court reinstated Appellant's appeal rights *nunc pro tunc* by agreement with the Commonwealth. This timely appeal followed.

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." **Commonwealth v. Edmiston**, 65 A.3d 339, 345 (Pa. 2013) (citation omitted), *cert. denied*, **Edmiston v. Pennsylvania**, 134 S. Ct. 639 (2013). "[Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." **Commonwealth v. Koehler**, 36 A.3d 121, 131 (Pa. 2012) (citation omitted). "[T]his Court applies a *de novo* standard of review to the PCRA court's legal conclusions." **Commonwealth v. Spotz**, 18 A.3d 244, 259 (Pa. 2011) (citation omitted).

In order to be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2).

These issues must be neither previously litigated nor waived. *See* 42 Pa.C.S.A. § 9543(a)(3).

Initially, we are obliged to note that Appellant offers only a cursory argument in support of issues two through six raised on appeal. The argument sections dedicated to issues two, three and five consist of only a single, brief paragraph each. Most egregiously, Appellant cites to no relevant case law, statute or rule of procedure in support of these claims. As Appellant simply provides no discussion of pertinent legal authority to support his argument for issues two through six, we are constrained to find these issues waived. *See Commonwealth v. Love*, 896 A.2d 1276, 1278 (Pa. Super. 2005) ("Arguments not appropriately developed are waived."); *Commonwealth v. Russell*, 665 A.2d 1239 (Pa. Super. 1995) (Superior Court would not review argument that contained no citation to or discussion of relevant legal authority).

We will, however, address Appellant's first issue raised on appeal, which he does develop with discussion of relevant legal authority. He argues that the ineffective assistance of trial counsel rendered his guilty plea involuntary. We disagree.

"A criminal defendant has the right to effective counsel during a plea process as well as during trial." *Commonwealth v. Rathfon*, 899 A.2d 365, 369 (Pa. Super. 2006) (quotation omitted). "Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an

involuntary or unknowing plea." ***Commonwealth v. Hickman***, 799 A.2d 136, 141 (Pa. Super. 2002) (citation omitted). "Where the defendant enters his plea on the advice of counsel, 'the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.'" ***Id***. (citations and quotations omitted).

In reviewing an ineffectiveness claim, we begin with the presumption that counsel was effective. ***See Commonwealth v. Duda***, 831 A.2d 728, 732 (Pa. Super. 2003).

> To plead and prove ineffective assistance of counsel a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act.

***Commonwealth v. Rykard***, 55 A.3d 1177, 1189-1190 (Pa. Super. 2012) (citation omitted), ***appeal denied***, 64 A.3d 631 (Pa. 2013).

"Generally, where matters of strategy and tactics are concerned, counsel's assistance is deemed constitutionally effective if he chose a particular course that had some reasonable basis designed to effectuate his client's interests." ***Commonwealth v. Colavita***, 993 A.2d 874, 887 (Pa. 2010) (citation omitted). A failure to satisfy any prong of the test will require rejection of the claim. ***See Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014).

In assessing the voluntariness of a guilty plea, we note that "[t]he law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [appellant's] decision to

plead guilty be knowingly, voluntarily and intelligently made." *Commonwealth v. Yager*, 685 A.2d 1000, 1004 (Pa. Super. 1996) (*en banc*) (citation and internal quotation marks omitted). "A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003) (citation omitted).

Appellant argues that he was of "limited mental capacity" and therefore unable to understand the crimes to which he was pleading guilty. Appellant's Brief at 14. Appellant further attributes his alleged inability to understand the charges against him to trial counsel's failure to provide copies of discovery to Appellant or to discuss discovery with him prior to his guilty plea. The record flatly contradicts these claims.

Appellant completed a written Guilty Plea Colloquy on September 11, 2006, wherein he affirmed that he understood the factual nature of the offenses to which he was pleading guilty and that his lawyer had explained the elements of the criminal offenses to him. **See** Guilty Plea Colloquy, 9/11/06 at ¶¶ 14-15. During the oral guilty plea colloquy, the trial court clearly explained to Appellant the elements of the crimes of second degree murder and the firearms offense to which Appellant was pleading guilty, and the Commonwealth recited the factual basis for the plea. **See** N.T., Plea Hearing and Sentencing, 9/11/06 at 3-9. Thereafter, Appellant

acknowledged his understanding of the information relayed to him and indicated his wish to proceed with the guilty plea. *See id*. at 11. Appellant further admitted that he was entering his plea voluntarily and without coercion and that he had all of the information needed in order to make the decision to enter a guilty plea. *See id*. at 17-18. Based upon these statements, the trial court accepted Appellant's guilty plea.

At no time – either in the written or oral colloquy – did Appellant allege that he was of "limited mental capacity" or that he was without the necessary information needed to enter a knowing plea. Appellant expressly indicated his understanding of the crimes to which he was pleading guilty and the factual basis for his plea. Appellant cannot now baldly recant his representations made under oath to the court. *See Pollard*, *supra*.

We further find no evidence to support Appellant's claim that trial counsel failed to provide him with discovery prior to the entry of the guilty plea. Tellingly, Appellant does not detail what necessary information or facts counsel allegedly withheld from his consideration. At the PCRA hearing, trial counsel testified that, subsequent to the denial of a suppression motion, he provided Appellant with copies of discovery and reviewed the discovery with Appellant on numerous occasions. *See* N.T., PCRA Hearing, 4/14/09 at 4. More importantly, as noted, Appellant responded affirmatively when the trial court questioned whether he had all of the necessary information in order to make the decision to enter a guilty plea. *See* N.T., Plea Hearing and Sentencing, 9/11/06 at 17-18. Appellant is not entitled to withdraw his

guilty plea by simply retracting or contradicting his statements made during the colloquy. **See Pollard**, **supra**.

In light of the comprehensive written and oral plea colloquy, which Appellant fully and willingly completed, we find no factual basis to support Appellant's claim that his plea was in any manner unknowingly, involuntarily, or unintelligently given, or that the ineffective assistance of trial counsel rendered his plea as such. Accordingly, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/30/2015