J-S41036-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL GREEN | : | |
| | : | |
| Appellant | : | No. 3716 EDA 2016 |

Appeal from the Judgment of Sentence March 21, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  MC-51-MD-0000146-2016

BEFORE:   GANTMAN, P.J., OLSON, J., and STEVENS*, P.J.E.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED AUGUST 30, 2018**

Appellant, Michael Green, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his summary conviction for contempt of court.[1]  We affirm the judgment of sentence as amended.

In its opinion, the trial court fully and correctly set forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.

Appellant raises two issues for our review:

> WAS NOT THE EVIDENCE INSUFFICIENT AS A MATTER OF LAW TO PROVE THE CHARGE OF DIRECT CRIMINAL CONTEMPT UNDER 42 PA.C.S.A. § 4132(3) BEYOND A REASONABLE DOUBT BECAUSE THE EVIDENCE FAILED TO PROVE: (1) THAT…APPELLANT ENGAGED IN "MISCONDUCT"

---

[1] 42 Pa.C.S.A. § 4132(3).

---

*   Former Justice specially assigned to the Superior Court.

AS THERE WAS NOTHING INAPPROPRIATE ABOUT APPELLANT'S REQUEST OF HIS ATTORNEY; (2) THAT APPELLANT MADE THE REQUEST OF HIS ATTORNEY WITH THE INTENT TO OBSTRUCT ANY PROCEEDINGS BECAUSE THERE WAS NO EVIDENCE THAT APPELLANT INTENDED THE COURT TO HEAR THE REMARKS NOR DID THE REQUEST ASSERT ANY HARASSING OR ILLEGAL BASIS; AND (3) THAT THE REQUEST TO HIS ATTORNEY DID NOT OBSTRUCT THE ADMINISTRATION OF JUSTICE BECAUSE NO PROCEEDING OR PROCESS WAS SIGNIFICANTLY DIMINISHED OR DISRUPTED?

DID NOT THE TRIAL COURT IMPOSE AN ILLEGAL SENTENCE BECAUSE THE MINIMUM SENTENCE OF 5 MONTHS AND 29 DAYS EXCEEDED "ONE-HALF OF THE MAXIMUM SENTENCE IMPOSED," WHICH WAS ALSO 5 MONTHS AND 29 DAYS, WHICH IS PROHIBITED UNDER 42 PA.C.S.A. § 9756(B) OF PENNSYLVANIA'S SENTENCING CODE AND NO EXCEPTIONS TO SUCH A REQUIREMENT WERE MET IN THIS CASE?

(Appellant's Brief at 3.)

The following principles apply to challenges to the sufficiency of the evidence:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the

[finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Jones***, 874 A.2d 108, 120-21 (Pa.Super. 2005) (quoting

***Commonwealth v. Bullick***, 830 A.2d 998, 1000 (Pa.Super. 2003)).

A court's power to impose a summary punishment for contempt is set forth in Section 4132 as follows:

> **§ 4132. Attachment and summary punishment for contempts**
>
> The power of the several courts of this Commonwealth to issue attachments and to impose summary punishments for contempts of court shall be restricted to the following cases:
>
> *        *        *
>
> (3)  The misbehavior of any person in the presence of the court, thereby obstructing the administration of justice.

42 Pa.C.S.A. § 4132(3).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Carolyn H. Nichols, we conclude Appellant's first issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of Appellant's sufficiency claim. (***See*** Trial Court Opinion, filed December 22, 2017, at 3-5, unpaginated) (finding: Appellant made unsolicited argument during hearing while several other cases were in courtroom ready for call of list; after court advised Appellant court had already made its ruling, Appellant interrupted court twice; after court explained that it would hold Appellant in contempt if

- 3 -

he continued, he said something inaudible to counsel; when court asked Appellant to repeat what he had said, Appellant told court he had asked counsel to file recusal motion, because "[trial judge is] bias and totally out of control"; Appellant's conduct was not result of inexperience or misunderstanding; Appellant had previously appeared in court and should have been aware of effect his comments would have on courtroom proceedings; Appellant had requisite intent to obstruct justice). The record supports the trial court's rationale, and we see no reason to disturb it. **See Jones, supra**. Therefore, as to Appellant's first issue, we affirm on the basis of the trial court opinion.

In his second issue, Appellant argues his sentence is illegal because it does not include a minimum term of imprisonment. Appellant concludes this Court should revise his sentence. We agree.

Criminal contempt is a crime punishable by imprisonment or fine; sentences of imprisonment for contempt must be imposed according to the Sentencing Code. **Commonwealth v. Falkenhan**, 452 A.2d 750, 758 (Pa.Super. 1982), *cert. denied*, 464 U.S. 803, 104 S.Ct. 49, 78 L.Ed.2d 69 (1983). "The Code mandates that the sentencing court impose not only a maximum sentence, but also a minimum sentence which shall not exceed one-half the maximum[.] 42 Pa.C.S.A. § 9756(b). A flat…sentence does not satisfy this requirement." **Commonwealth v. Williams**, 753 A.2d 856, 865 (Pa.Super. 2000), *appeal denied*, 567 Pa. 713, 785 A.2d 89 (2000). "While

the standard remedy for a trial court's omission of a minimum sentence is to vacate the judgment and remand for resentencing…where the sentencing court clearly intended to impose the maximum sentence this Court can amend the sentence to include a minimum term equal to one-half of the maximum." **Commonwealth v. Duda**, 831 A.2d 728, 733 (Pa.Super. 2003) (internal citation omitted).

The General Assembly has not specified the maximum permissible term of imprisonment for a contempt conviction imposed pursuant to Section 4132. **Falkenhan, supra** at 758. Pennsylvania courts, however, have held the maximum sentence for a summary criminal contempt conviction may not exceed six months. **Williams, supra** at 865-66 (providing defendant is entitled to jury trial if sentence for criminal contempt under Section 4132(3), summary offense, exceeds six months). **See also Commonwealth v. McMullen**, 599 Pa. 435, 443-44 (2008) (discussing, generally, maximum imprisonment term for summary criminal contempt convictions; explaining right to jury trial under Sixth Amendment to United States Constitution and Article I, §§ 6, 9 of Pennsylvania Constitution applies when defendant faces imprisonment sentence exceeding six months).

Instantly, the court sentenced Appellant to a flat term of five (5) months twenty-nine (29) days' incarceration. Appellant's sentence included no minimum term of incarceration and is illegal. **See Williams, supra**. In its opinion, the trial court acknowledged Appellant's sentence is illegal and

- 5 -

explained the court had intended to impose upon Appellant the maximum permissible sentence, which it interpreted to be five (5) months twenty-nine (29) days' incarceration.  (**See** Trial Court Opinion at 6, unpaginated). Therefore, we amend Appellant's sentence for his criminal contempt conviction to a term of two (2) months fourteen and one-half (14½) days to five (5) months twenty-nine (29) days' incarceration.  **See Duda, supra**; **Williams, supra**.  Accordingly, we affirm the judgment of sentence as amended.

Judgment of sentence affirmed as amended.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/30/18

FILED

DEC 2 2 2017

Office of Judicial Records
Appeals/Post Trial

IN THE COURT OF COMMON PLEAS
PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA : MC-51-MD-0000146-2016
:
vs. :
: 3716 EDA 2016
MICHAEL GREEN :

## O P I N I O N

NICHOLS, CAROLYN H., J.

MC-51-MD-0000146-2016 Comm. v. Green, Michael
Opinion

8046657381

December 22, 2017

### PROCEDURAL HISTORY

On July 8, 2013, Defendant was arrested and charged with numerous felony offenses. On March 21, 2016, during a motions hearing before the Honorable Carolyn H. Nichols, this court found Defendant guilty of a single count of direct criminal contempt. On April 5, 2016, Defendant filed a timely Notice of Appeal. On January 13, 2017, this court issued an order pursuant to Pa.R.A.P. 1925(b) for counsel to file a Statement of Errors within 21 days. Defendant filed a 1925(b) statement on January 24, 2017.

### FINDINGS OF FACT

During the motions hearing on March 21, 2016, the court denied the Defendant's motion to dismiss pursuant to Rule 600(a). After the ruling, defense counsel asked the court to hear from Defendant. After Defendant made further argument regarding the Rule 600(a) motion, the court told him that the ruling on his motion had already been rendered. However, Defendant continued

to interject and interrupt the court. The court told Defendant to stop speaking, or he would be held in contempt. However, Defendant failed to follow the court's instructions.

> THE COURT: What did you say? What did you just say?
>
> THE DEFENDANT: I told him to put a motion in to recuse you from my case because you are bias and you are totally out of control.
>
> THE COURT: Turn him back around. Bring him back in here. Because of your smart, ignorant mouth and disrespect to the Court, I find you in contempt.
>
> THE DEFENDANT: Yeah, sure.
>
> THE COURT: I find him in contempt.
>
> THE DEFENDANT: Yeah, sure.
>
> THE COURT: Add another five months, 29 days.
>
> MR. KRANTZ: Your Honor, I would ask you to reconsider. All he did --
>
> THE COURT: I'm not reconsidering.
>
> MR. KRANTZ: All he did was, he asked me to file a motion for him.
>
> THE COURT: That's not all he just did. He is disrespectful to this Court, and he is in contempt. I am not reconsidering. All right. Put the contempt order in.
>
> N.T. 3/21/16 at 17-18.

## MATTERS COMPLAINED OF ON APPEAL

1. Was the evidence insufficient as a matter of law to prove the charge of direct criminal contempt under 42 Pa.C.S. 4132 beyond a reasonable doubt because the evidence failed to prove (1) that the appellant engaged in "misconduct" as there was nothing inappropriate about appellant's request of his attorney; (2) that the conduct occurred in the presence of the court because it was made to his attorney as he was being escorted from the courtroom; (3) that appellant made the request of his attorney with the intent to obstruct any proceedings because there was no evidence that appellant intended the court to hear the remarks nor did the request assert any harassing or illegal basis; and (4) that

the request to his attorney did obstruct the administration of justice because no proceeding or process was significantly diminished or disrupted?

2. Did the trial court impose an illegal sentence because the minimum sentence of 5 months and 29 days exceeded one-half of the maximum sentence imposed which was also 5 months and 29 days, which is prohibited under Pennsylvania's Sentencing Code 42 Pa.C.S. 9756(b) and no exceptions to such a requirement were met in this case?

## DISCUSSION

### I. EACH OF THE ELEMENTS OF DIRECT CRIMINAL CONTEMPT WERE ESTABLISHED BEYOND A REASONABLE DOUBT.

Section 4132 of the Judiciary Code provides, in relevant part: the power of the several courts of this Commonwealth to issue attachments and to impose summary punishments for contempts of court shall be restricted to the following cases: The misbehavior of any person in the presence of the court, thereby obstructing the administration of justice. 42 Pa.C.S.A. § 4132(3).

The Superior Court has held that "when considering an appeal from a contempt order, we place great reliance on the discretion of the trial judge." *Commonwealth v. Jackson*, 532 A.2d 28, 31 (Pa. Super. 1987) (citation omitted). Additionally, "each court is the exclusive judge of contempts against its process, and on appeal its actions will be reversed only when a plain abuse of discretion occurs." Id. Finally, "in cases of direct criminal contempt, that is, where the contumacious act is committed in the presence of the court and disrupts the administration of justice, an appellate court is confined to an examination of the record to determine if the facts support the trial court's decision. Id. To sustain a conviction for direct criminal contempt under this provision there must be proof beyond a reasonable doubt: (1) of misconduct, (2) in the

presence of the court, (3) committed with the intent to obstruct the proceedings, (4) that obstructs the administration of justice. Commonwealth v. Williams, 753 A.2d 856, 861 (Pa. Super. 2000).

In his appeal, Defendant claims that "there was nothing inappropriate about appellant's request of his attorney." However, this is a mischaracterization of the conduct that led to Defendant's contempt charge. Prior to his "request," Defendant made unsolicited argument to the court concerning the denial of his Rule 600(a) motion. Then, after the court advised Defendant that the ruling had already been issued, Defendant continued to interrupt the court twice more. This exchange occurred while several other cases were ready in the room for call of the list. Finally, after the court explained that Defendant would be held in contempt if he continued to speak, Defendant spoke again. When the court asked him to repeat what he had said, Defendant did not simply state that he was asking his attorney to file a motion; instead, he took that opportunity to further disrespect the court by stating "you are bias [*sic*] and totally out of control."

Defendant also argues that the conduct in question did not occur in the presence of the court because it was made to his attorney as he was being escorted from the courtroom. This argument is patently unreasonable, as Defendant was still in the courtroom when he made the remark. Additionally, the court observed Defendant's conduct (speaking after he had been instructed not to do so), which clearly indicates that it occurred while he was in the presence of the court.

Next, Defendant argues that there was no showing of his intent to obstruct justice. In order to establish the requisite intent to obstruct justice, the Superior Court has considered "the individual's prior experience with the court system and the basic elemental deductive reasoning

every human being is deemed to possess." *Williams*, 753 A.2d at 862. More specifically, whether Defendant "would be aware of the seriousness of the court proceedings, the proper decorum to be observed during such proceedings and the proper respect to be accorded the trial judge." *Commonwealth v. Mutzabaugh*, 699 A.2d 1289, 1292 (Pa. Super. 1997). In the present case, Defendant made several appearances in court prior to the motions hearing in which he was found in contempt. Additionally, he was explicitly instructed to stop speaking more than once, then told if he continued to speak, he would be found in contempt. There is nothing in the record to indicate that Defendant's conduct was the result of inexperience or innocent misunderstanding. Instead, it is quite clear that Defendant possessed the requisite intent to obstruct justice simply by virtue of the fact that he should have been aware of the effect that his comment would have on courtroom proceedings.

Finally, Defendant argues that there was no actual obstruction of justice, as Defendant's conduct did not significantly disrupt judicial proceedings. "[C]ontempt requires actual, imminent prejudice to a fair proceeding or prejudice to the preservation of the court's orderly procedure and authority." *Williams*, 721 A.2d at 1074. In the present case, the court told defense counsel to stop interrupting twice during the motions hearing. N.T. 3/21/16 at 10, 14. Therefore, when Defendant's outburst began, the court remarked, "[t]hat's what happens when lawyers interrupt the Judge, then everybody thinks they can --" just before the court was, once again, interrupted by Defendant. *Id.* at 17. Given the fact that this took place in a full courtroom with many defendants, attorneys and other personnel present in the room, it is clear that the court had no choice but to take action against Defendant, who openly disobeyed the court and showed blatant disrespect for judicial authority.

## II. THE COURT INTENDED TO IMPOSE A PROPER SENTENCE FOR THE CONTEMPT VIOLATION.

The Superior Court has found that "[i]n cases where the sentencing court clearly intended to impose the maximum sentence, [the court] may amend the sentence by including a minimum term equal to one-half the maximum." *Commonwealth v. Britton*, 482 A.2d 1294, 1304 (1984), *appeal dismissed*, 509 Pa. 620, 506 A.2d 895 (1986). In the present case, the court intended to impose a spread sentence for the Contempt violation, rather than a flat sentence that would be patently illegal. As is common practice during summary contempt sentences, courts in this jurisdiction impose the maximum sentence permissible. This is achieved by sentencing the defendant to a term a legal spread sentence, but placing the condition of no parole until the maximum sentence is served. Due to a clerical error, the court's sentence was not recorded properly to show that it did include a minimum and maximum sentence. Therefore, while the intention of the court was to impose a legal sentence for direct criminal contempt, the sentencing order was not reflective of that.

## CONCLUSION

For the aforementioned reasons, the defendant's claims on appeal should be denied and the judgment of this court affirmed.

BY THE COURT:

CAROLYN H. NICHOLS, J.