J-S80028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| DONTE A. BROWN | : | |
| Appellant | : | No. 1807 EDA 2017 |

Appeal from the PCRA Order May 22, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0001248-2011

BEFORE:  BOWES, J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED JANUARY 18, 2018**

Donte A. Brown ("Appellant") appeals from the order denying his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546.  We affirm.

We rely on the PCRA court's statement of the underlying facts and procedural history.  PCRA Court Opinion, 8/10/17, at 1–2.  In summary, following a nonjury trial, Appellant was convicted of multiple firearm violations[1] resulting from a traffic stop of the Crown Victoria Appellant was driving on December 4, 2010.  The trial court sentenced Appellant to incarceration for an aggregate term of eight years and nine months to seventeen years followed by five years of probation.  Order, 9/27/12.  We

_____

[1]  18 Pa.C.S. §§ 6105, 6106, 6106.1, and 6108.

affirmed Appellant's judgment of sentence. ***Commonwealth v. Brown***, \_\_ A.3d \_\_\_, 2809 EDA 2012 (Pa. Super. filed November 12, 2013) (unpublished memorandum). Appellant did not seek review in the Pennsylvania Supreme Court.

The PCRA court has provided the subsequent procedural history:

> On July 7, 2014, [Appellant] filed a *pro se* [PCRA] petition alleging ineffective assistance of counsel. On February 4, 2016, PCRA counsel filed an Amended PCRA Petition. On April 10, 2017, [the PCRA c]ourt issued a notice of intent to deny [Appellant's] PCRA pursuant to Pa. R. Crim. P. 907. [The PCRA c]ourt denied the PCRA petition on May 22, 2017. On June 10, 2017, [Appellant] filed a Notice of Appeal to the Superior Court of Pennsylvania.

PCRA Court Opinion, 8/10/17, at 2–3. The PCRA court issued an order pursuant to Pa.R.A.P. 1925(b), requiring Appellant to file a concise statement of errors complained of on appeal within twenty-one days. The Commonwealth points out that Appellant "filed his court ordered Rule 1925(b) statement late, after the PCRA court had issued its Opinion in this matter. However, as the PCRA court addressed [Appellant's] claims, no remand is necessary. *Commonwealth v. Blauser*, 166 A.3d 428, 430 n.3 (Pa. Super. 2017)." Commonwealth's Brief at 5 n.2. We agree. ***See Commonwealth v. Stephen Brown***, 145 A.3d 184, 186 (Pa. Super. 2016), *appeal denied*, 165 A.3d 892 (Pa. 2017) ("Instantly, the trial court has addressed the issue raised in Brown's untimely Rule 1925(b) statement and, as such, we may address the issue on its merits.").

Appellant presents two questions for our consideration:

I.      Should the PCRA court's order dismissing [Appellant's] PCRA petition without an evidentiary hearing be reversed and a new trial or evidentiary hearing b[e] granted on the ground that counsel was ineffective for failing to call two exculpatory witnesses at trial?

II.     Should the PCRA court's order dismissing [Appellant's] PCRA [p]etition without an evidentiary hearing be reversed and a new trial or evidentiary hearing be granted on the ground that trial counsel was ineffective for failing to obtain available schematics of the vehicle in question?

Appellant's Brief at 3.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014). Moreover, "[t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008) (quoting *Commonwealth v. Barbosa*, 819 A.2d 81 (Pa.

Super. 2003)). "[S]uch a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion." *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015).

Appellant's issues challenge the effective assistance of his trial counsel. Pennsylvania jurists presume that a PCRA petitioner's counsel was effective, unless the petitioner proves otherwise. *Commonwealth v. Williams*, 732 A.2d 1167, 1177 (Pa. 1999). We are bound by the PCRA court's credibility determinations where there is support for them in the record. *Commonwealth v. Battle*, 883 A.2d 641, 648 (Pa. Super. 2005) (citation omitted). Furthermore, claims of ineffective assistance of counsel are not self-proving. *Commonwealth v. Wharton*, 811 A.2d 978, 986 (Pa. 2002). Consequently, our Supreme Court has explained that, in order to succeed on a claim of ineffective assistance of counsel, an appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's performance lacked a reasonable basis; and (3) that the ineffectiveness of counsel caused the appellant prejudice. *Commonwealth v. Pierce*, 786 A.2d 203, 213 (Pa. 2001).

We reiterate that trial counsel cannot be deemed ineffective for failing to pursue a meritless claim. *Commonwealth v. Loner*, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*). Moreover, trial counsel's approach must be "so unreasonable that no competent lawyer would have chosen it." *Commonwealth v. Ervin*, 766 A.2d 859, 862–863 (Pa. Super. 2000)

(quoting *Commonwealth v. Miller*, 431 A.2d 233, 234 (Pa. 1981)).  Our

Supreme Court has defined "reasonableness" as follows:

> Our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable* basis designed to effectuate his client's interests.  The test is not whether other alternatives were more reasonable, employing a hindsight evaluation of the record.  Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decision had any reasonable basis.

*Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987) (quoting

*Commonwealth v. Maroney*, 235 A.2d 349, 352 (Pa. 1967)) (emphasis in

original; footnote omitted).  Finally, prejudice requires proof that there is a

reasonable probability that, but for counsel's error, the outcome of the

proceeding would have been different.  *Pierce*, 786 A.2d at 213.  "A failure

to satisfy any prong of the ineffectiveness test requires rejection of the claim

of ineffectiveness."  *Commonwealth v. Daniels*, 963 A.2d 409, 419 (Pa.

2009) (citation omitted).

Appellant first complains that trial counsel did not call two exculpatory

witnesses, Jeremy Grant and James Love.  Appellant's Brief at 8.  We have

stated:

> [T]rial counsel will not be deemed ineffective for failing to call a witness to testify unless the PCRA petition demonstrates: (1) the witness existed; (2) the witness was available; (3) counsel knew of, or should have known of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony was so prejudicial to petitioner to have denied him or her a fair trial.

*Commonwealth v. Charles Brown*, 18 A.3d 1147, 1160–1161 (Pa. Super. 2011). "Ineffectiveness for failing to call a witness will not be found where a defendant fails to provide affidavits from the alleged witnesses indicating availability and willingness to cooperate with the defense." *Commonwealth v. O'Bidos*, 849 A.2d 243, 249 (Pa. Super. 2004).

Here, the arresting officer, Officer Michael Blatchford, testified at trial that "[w]hen he shone his flashlight into the car's passenger compartment, he immediately saw the butt of a black Beretta gun between the driver and the center console. N.T., 7/26/12, at 9. The gun was one inch away from Appellant's body but not attached to his hip. *Id.* at 9, 15." *Brown*, 2809 EDA 2012 (unpublished memorandum at *1). According to Appellant, Jeremy Grant, who also testified at the suppression hearing, would have testified at trial that Officer Blatchford found the firearm in the car's trunk; James Love, who was not an eyewitness to the traffic stop, would have testified that the vehicle belonged to him and that it did not have a center console. Appellant's Brief at 5–6. In support of his argument, Appellant attached an affidavit from each witness to his PCRA petition. Amended PCRA Petition, 2/4/16, at Exhibits A and B. Thus, Appellant argues, trial counsel:

> was clearly aware of the presence of both Jeremy Grant and James Love. Indeed, Mr. Grant had previously testified as a defense witness at the Motion to Suppress. Further, both men were available and willing to testify. Finally, [Appellant] was clearly prejudiced by counsel's failure to present these witnesses

since their testimony would have directly contradicted the testimony of the arresting officer.

Appellant's Brief at 9.

In response, the Commonwealth argues that trial counsel "had a reasonable basis for not calling Grant or Love to testify at trial." Commonwealth's Brief at 9. According to the Commonwealth, defense counsel's suppression strategy of establishing that Officer Blatchford fabricated his testimony about the location of the firearm "proved unpersuasive as the court credited the officer's testimony, in spite of the evidence that he might have been mistaken about whether the car had a 'center console.'" *Id.* at 10. Consequently, the Commonwealth continues, defense counsel presented a new theory at trial, establishing that the other occupants of the vehicle had access to the firearm, "there was no fingerprint or DNA evidence tying [Appellant] to the gun, and . . . the gun was not registered to [Appellant]." *Id.* at 11. The Commonwealth concludes, "[I]t was certainly reasonable for trial counsel to employ a strategy that focused on whether the Commonwealth had proved that [Appellant] possessed the firearm in question, rather than attempting to resurrect a tenuous theory that had already failed." *Id.* at 12.

The PCRA court explained why Appellant's first ineffective-assistance claim was "wrong," PCRA Court Opinion, 8/10/17, at 5, and no hearing was needed:

In order to raise a genuine issue of material fact concerning prior counsel's ineffectiveness, a defendant must present sufficient information in his petition to meet all three prongs of the ineffectiveness test. In the instant case, [Appellant] cannot show that trial counsel's performance was unreasonable, because it is clear from the record that trial counsel reasonably chose to discard the strategy used when litigating the failed motion to suppress, and instead reasonably employed a new strategy that focused on whether the Commonwealth had proved that [Appellant] possessed the firearm in question. Because the original theory failed at the [motion to suppress] hearing, trial counsel was reasonable in not calling two witnesses that would have only supported a discarded strategy and distracted [sic] from his new trial strategy of trying to prove that the gun did not belong to [Appellant]. Therefore, [Appellant] cannot demonstrate that counsel was ineffective for failing to call Jeremy Grant and James Love as witnesses.

*Id.* at 5–6 (internal citations omitted).

Upon review of the evidence in the light most favorable to the Commonwealth, we find the evidence of record supports the conclusions of the PCRA court and its ruling is free of legal error. Moreover, we discern no abuse of the PCRA court's discretion in determining that no genuine issues of material fact existed to warrant a hearing. Trial counsel had a reasonable basis for his decision not to call Jeremy Grant and James Love at trial. His suppression strategy to undermine Officer Blatchford's account based on the questionable credibility of Jeremy Grant and the non-eyewitness statement of James Love failed; therefore, he developed a new trial strategy based on uncontested physical facts regarding the location of the firearm and the absence of Appellant's fingerprints on or ownership of the firearm. Thus, we conclude Appellant's first ineffective-assistance claim does not warrant relief.

Appellant's second complaint is that trial counsel failed to introduce a technical schematic of a Crown Victoria to demonstrate the absence of a center console. According to Appellant, the schematic was "readily available . . . and could have been admitted under the business records exception, Pa.R.E. 803(6)[,] had an evidentiary hearing been granted." Appellant's Brief at 9. Appellant further argues that the schematic "shows the inside arm of the driver's seat of the vehicle fitting into a recessed center piece (part 63100 on the schematic)." *Id.* at 10; Amended PCRA Petition, 2/4/16, at Exhibit C. Thus, Appellant claims, he was prejudiced by counsel's failure to introduce such evidence because it would have proven "Officer Blatchford's testimony to be demonstrably false." Appellant's Brief at 10.

The Commonwealth responds that Appellant failed to demonstrate that the schematic was admissible and that it actually depicts what he asserts. Commonwealth's Brief at 14. Moreover, the Commonwealth argues that Appellant failed to prove he was prejudiced by counsel's failure to introduce the schematic because "the absence of a center console in the vehicle does not wholesale negate the officer's testimony that [Appellant] had a gun in plain view at his side." *Id.* at 15.

The PCRA court rejected this ineffective-assistance claim for multiple reasons:

> To begin, [Appellant] failed to prove that the schematic[s] would even be admissible, as he did not demonstrate that they were authenticated at trial, what expert witness would have been called to testify to it, nor how [Appellant] would have overcome

the prohibition against using hearsay.  See Commonwealth v. W.H.M., Jr., 932 A.2d 155, 161 (Pa 2007) (holding that counsel was not ineffective for not attempting to introduce inadmissible evidence).  Further, the schematics do not detail the area in between the two seats where a center console would have been. Rather, the schematics depict the seats mechanisms.  If they were deemed admissible, they would have only furthered the failed defense strategy already attempted at the suppression hearing.  Additionally, the absence of a center console would not rebut Officer Blatchford's testimony that a gun was in plain view. Therefore, [Appellant] has also failed to prove that counsel was ineffective for failing to introduce technical schematics of the Crown Victoria.

   Furthermore, the schematics were part of a defense strategy that trial counsel reasonably abandoned after it failed at the [motion to suppress] hearing.  At that hearing, trial counsel questioned Officer Blatchford concerning the center console, and introduced a photo of a different Crown Victoria where no console was present.  [The trial court] was not persuaded, instead crediting the Officer's testimony in spite of the evidence that the car may have lacked a center console and denied the motion to suppress.  Therefore, [Appellant] cannot demonstrate that counsel was unreasonable for deciding not to introduce the schematics at trial.

PCRA Court Opinion, 8/10/17, at 6–7.

Upon review of the evidence in the light most favorable to the Commonwealth, we find the evidence of record supports the conclusions of the PCRA court and its ruling is free of legal error.  Moreover, we discern no abuse of the PCRA court's discretion in determining that no genuine issues of material fact existed to warrant a hearing.  Appellant did not establish a reasonable probability that the outcome of his trial would have been different but for defense counsel's failure to introduce a schematic of the Crown Victoria.  *Pierce*, 786 A.2d at 213.  The trial court credited

- 10 -

Officer Blatchford's testimony that he saw the firearm in plain view next to Appellant; we will not substitute the trial court's credibility determination with our own. **See Commonwealth v. Chine**, 40 A.3d 1239, 1244 (Pa. Super. 2012) ("This Court shall not undertake to reassess credibility of witnesses, as it is well settled that we cannot substitute our judgment for that of the trier of fact."). Furthermore, contrary to Appellant's assertion, the schematic does not detail the area between the two front seats. Amended PCRA Petition, 2/4/16, at Exhibit C. Finally, although Appellant argues the schematic would have been admissible as a business record pursuant to Pa.R.E. 803(6), he did not plead or prove in his petition how he would have authenticated the schematic at trial. For these reasons, we conclude Appellant's second ineffective assistance claim does not warrant relief.

Finally, we note that this case presents an illegality-of-sentence issue. "[T]his Court is endowed with the ability to consider an issue of legality of sentence *sua sponte*." **Commonwealth v. Orellana**, 86 A.3d 877, 882–883 n.7 (Pa. Super. 2014) (citation omitted).

Appellant was convicted of multiple firearm offenses, including carrying loaded weapons other than firearms, a summary offense pursuant to 18 Pa.C.S. § 6106.1. The trial court sentenced Appellant on the Section 6106.1 conviction to ninety days of total confinement. Order, 9/27/12, at Count 4.

Section 9756(c) of the Sentencing Code, pertaining to sentences of total confinement for summary offenses, provides in relevant part:

> **(c) Prohibition of parole for summary offenses.**—The court may impose a sentence to imprisonment without the right to parole under this subsection only when:
>
> (1) a summary offense is charged;
>
> (2) sentence is imposed for nonpayment of fines or costs, or both, in which case the sentence shall specify the number of days to be served; and
>
> (3) the maximum term or terms of imprisonment imposed on one or more indictments to run consecutively or concurrently total less than 30 days.

42 Pa.C.S. § 9756(c)(1)–(3). The plain language of Subsection (c) authorizes trial courts to impose flat sentences of incarceration for summary offenses only when the sentence is imposed for nonpayment of fines and/or costs and the maximum term of incarceration is less than thirty days.

Here, Appellant's flat ninety-day sentence for his summary offense of carrying loaded weapons other than firearms does not meet the requirements of Subsection (c), and is therefore illegal. Although the trial court was authorized pursuant to 18 Pa.C.S. § 1105 to impose a sentence of imprisonment for not more than ninety days on the Section 6106.1 conviction, it lacked authority to impose a flat ninety-day sentence; therefore, it was required to impose a minimum term of incarceration. ***See*** 42 Pa.C.S. § 9756(c)(1).

The standard remedy for a trial court's omission of a minimum sentence is to vacate the judgment of sentence and remand for resentencing. **See Commonwealth v. Duda**, 831 A.2d 728, 733 (Pa. Super. 2003). However, under circumstances "where the sentencing court clearly intended to impose the maximum sentence[,] this Court can amend the sentence to include a minimum term equal to one-half of the maximum." **Id.** (amending flat sentence to include minimum term of incarceration where court imposed maximum possible sentence for summary offense) (citing **Commonwealth v. Cain**, 637 A.2d 656, 659 (Pa. Super. 1994) (amending flat sentence to include minimum term of incarceration equal to one-half maximum under circumstances where sentencing court clearly intended to impose maximum sentence)).

In the case at hand, we are confident that the trial court intended to impose the maximum sentence because it imposed the maximum possible sentence of incarceration for Appellant's summary offense. Order, 9/27/12, at Count 4; 18 Pa.C.S. § 1105. Therefore, we amend Appellant's ninety-day sentence to include a minimum term of forty-five days of incarceration. **Duda**, 831 A.2d at 733; **Cain**, 637 A.2d at 659.

Judgment of sentence amended. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/18/18