J-S32024-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RICHARD P. ROATCHE | : | |
| | : | |
| Appellant | : | No. 2370 EDA 2019 |

Appeal from the Judgment of Sentence Entered July 10, 2019
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s):  CP-46-CR-0006705-2018

BEFORE:   KUNSELMAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KING, J.:                              **FILED:  MAY 3, 2021**

Appellant, Richard P. Roatche, appeals from the judgment of sentence entered in the Montgomery County Court of Common Pleas, following his bench trial convictions for harassment and disorderly conduct.[1]  We affirm.[2]

The relevant facts and procedural history of this appeal are as follows.

> At trial, the Commonwealth presented evidence that [Appellant] had an altercation with his neighbor, Abraham Hittle, regarding their adjoining properties.  While Mr. Hittle was on a riding mower, mowing his lawn and the lawn of a neighboring property, [Appellant] approached and threatened Mr. Hittle with a tomato stake.  After leaving the

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2709(a)(1), 5503(a)(1), respectively.

[2] On October 7, 2020, we stayed our disposition of this case pending this Court's decision in **Commonwealth v. Lopez**, 2021 PA Super 51 (filed March 23, 2021) (*en banc*).  Now that this Court has issued its decision in **Lopez**, we lift the stay order.

altercation on foot and walking back to his property, Mr. Hittle called the police to report the incident.

The area of the neighboring property being mowed by Mr. Hittle abuts [Appellant's] property. On the date in question, the grass cuttings created from Mr. Hittle's lawn mower were being displaced onto [Appellant's] property and into his garden. [Appellant] indicated to Mr. Hittle that he did not want the grass cuttings on his property, and the altercation ensued, resulting in [Appellant] [w]ielding a tomato stake at Mr. Hittle. There is a lengthy history of animosity and a need for police involvement with these two neighbors.

(Trial Court Opinion, filed 10/4/19, at 1-2) (internal record citations omitted).

The court conducted a one-day bench trial on July 10, 2019, finding Appellant guilty of harassment and disorderly conduct. Immediately following trial, the court sentenced Appellant to ninety (90) days' probation for harassment, plus a consecutive term of ninety (90) days' probation for disorderly conduct. The court also ordered Appellant to pay court costs and have no contact with Mr. Hittle. Following the imposition of sentence, Appellant's counsel asked the court to consider waiving the payment of court costs, because Appellant's "only source of income is retirement." (N.T. Trial, 7/10/19, at 89). The court responded, "This is what I will do, if he doesn't have any problems or he doesn't violate in the six months I will waive the costs but not until then." (**Id.** at 89-90).

Appellant did not file post-sentence motions. Instead, Appellant timely filed a notice of appeal on August 8, 2019. On August 13, 2019, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors

complained of on appeal. After requesting an extension, which the court granted, Appellant timely filed his Rule 1925(b) statement on September 12, 2019.

Appellant now raises two issues for our review:

Did the sentencing court err by conditioning a waiver of supervision costs on [Appellant's] future compliance with conditions of probation?

Was evidence sufficient to establish that [Appellant] had the requisite intent required to qualify a crime as harassment?

(Appellant's Brief at viii).

In his first issue, Appellant contends that a sentencing court must impose a "supervision fee" on a defendant who receives a probationary sentence, unless the court determines that the defendant is unable to pay. Appellant insists "the only factor relevant to a determination of waiver of supervision fees is a person's 'present inability to pay.'" (*Id.* at 8) (quoting 18 P.S. § 11.1102(c)). As such, Appellant argues that the court imposed an illegal sentence by conditioning the waiver of supervision fees on Appellant's future compliance with the terms of his probation.

In addition to his argument regarding the legality of his sentence, Appellant also challenges the discretionary aspects of the sentence. Specifically, Appellant claims his "future compliance with probation is in no way relevant to a determination of his ability to pay supervision fees." (*Id.* at 9). Appellant maintains the court relied upon this impermissible factor in fashioning his sentence, and the sentence could be vacated on this basis

alone. Appellant also asserts that the court compounded its error by failing to "provide any information regarding what the actual amount of the imposed costs would be." (***Id.***). Appellant concludes this Court must vacate his judgment of sentence and remand the matter for resentencing. We disagree.

"A claim that implicates the fundamental legal authority of the court to impose a particular sentence constitutes a challenge to the legality of the sentence," which is non-waivable where the reviewing court has jurisdiction. ***Commonwealth v. Infante***, 63 A.3d 358, 363 (Pa.Super. 2013). "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." ***Id.*** Generally, a claim that a court lacks authority to impose costs constitutes a challenge to the legality of sentence. ***Commonwealth v. Garzone***, 993 A.2d 306 (Pa.Super. 2010), *affirmed*, 613 Pa. 481, 34 A.3d 67 (2012). "We review the legality of a sentence [under a] *de novo* standard. Our scope of review is plenary." ***Commonwealth v. Smith***, 210 A.3d 1050, 1062 (Pa.Super. 2019), *appeal denied*, ___ Pa. ___, 218 A.3d 1199 (2019) (internal citations omitted).

Section 11.1102(c) governs the imposition of probation supervision fees as follows:

**§ 11.1102. Costs for offender supervision programs**

\* \* \*

**(c) Court.—**The court shall impose as a condition of supervision a monthly supervision fee of at least $25 on any offender placed on probation, parole, accelerated rehabilitative disposition, probation without verdict or

intermediate punishment unless the court finds that the fee should be reduced, waived or deferred based on the offender's present inability to pay. Of the fee collected, 50% shall be deposited into the County Offender Supervision Fund established in each county pursuant to this section, and the remaining 50% shall be deposited into the State Offender Supervision Fund established pursuant to this section.

18 P.S. § 11.1102(c).

Additionally, a claim that a sentence is based on impermissible factors constitutes a challenge to the discretionary aspects of sentencing. *Commonwealth v. Shugars*, 895 A.2d 1270 (Pa.Super. 2006). Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

Instantly, the court announced the imposition of the following sentence:

> Here is the sentence; count two, harassment, 90 days of probation to date from today. Count three, disorderly conduct, 90 days of probation running consecutive to count two. You're to have no contact with Abraham Hittle. You're to pay **court costs**. And unfortunately I really don't believe

there are any other conditions I can place upon you.

(N.T. Trial at 89) (emphasis added).[3]   Thereafter, Appellant's attorney specifically argued that court costs should be waived due to Appellant's limited financial resources.   Appellant's attorney did not specifically mention the probation supervision fee.  (***See id.*** at 89-90).  The court agreed to revisit the issue of waiving court costs in six months, and counsel stated, "I will make that note."  (***Id.*** at 90).

Contrary to Appellant's argument, the court did not condition the waiver of supervision fees on Appellant's future compliance with the terms of his probation.   Rather, the parties discussed the imposition of court costs only. Thus, to the extent Appellant argues that the court somehow violated Section 11.1102(c), his claim is without merit.   Regarding his argument that the sentencing court relied upon impermissible factors, Appellant did not preserve this issue at sentencing or in a motion to reconsider and modify sentence.[4]

_____

[3] The court did not mention the payment of the probation supervision fee, and the certified record does not include a corresponding written sentencing order. Nevertheless, a copy of the trial court's docket, which is attached to Appellant's notice of appeal, confirms that the "monthly offender supervision fee" was part of Appellant's sentence.  ***See Joseph v. Glunt***, 96 A.3d 365 (Pa.Super. 2014), *appeal denied*, 627 Pa. 774, 101 A.3d 787 (2014) (explaining that, even in absence of written sentencing order, criminal docket and sentencing hearing transcript can be used to confirm imposition of valid sentence).

[4] Moreover, to the extent Appellant's counsel requested the waiver of court costs due to financial hardship at the sentencing hearing, we reiterate that there is no requirement that a court make an ability-to-pay determination before imposing court costs at sentencing.  ***See Lopez, supra***.

*See Evans, supra*. The record also belies Appellant's claim the court did not provide the actual amount of the court costs, because the trial court docket attached to the notice of appeal forwarded to this Court lists the amount of each cost at issue. On this record, Appellant is not entitled to relief on his first issue.

In his second issue, Appellant acknowledges the Commonwealth's evidence that he approached Mr. Hittle with a tomato stake and made threatening comments. Nevertheless, Appellant insists that the Commonwealth did not establish that he made the comments with the intent to harass Mr. Hittle. Appellant argues that he had a long history of hostile encounters with Mr. Hittle, and Mr. Hittle was the aggressor on many occasions. In light of these prior encounters, including some that resulted in criminal charges being filed against Mr. Hittle, Appellant maintains he reasonably feared for his own safety during the instant encounter. Under these circumstances, Appellant concludes the Commonwealth presented insufficient evidence to support his harassment conviction. We disagree.

Our standard of review for sufficiency claims is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may

be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

**Commonwealth v. Tucker**, 143 A.3d 955, 964 (Pa.Super. 2016), *appeal denied*, 641 Pa. 63, 165 A.3d 895 (2017) (quoting **Commonwealth v. Hansley**, 24 A.3d 410, 416 (Pa.Super. 2011)).

The Pennsylvania Crimes Code defines the offense of harassment, in pertinent part, as follows:

**§ 2709.  Harassment**

**(a)    Offense defined.—**A person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person:

(1)    strikes, shoves, kicks or otherwise subjects the other person to physical contact, or attempts or threatens to do the same[.]

18 Pa.C.S.A. § 2709(a)(1).

With the enactment of 18 Pa.C.S. [§] 2709, our legislature has sought to prohibit such conduct, including speech, which is not Constitutionally protected and which is intended to alarm or seriously annoy another person. The purpose of the [legislation], undoubtedly, was to extend to the Individual the protections which have long been afforded the general public under disorderly conduct and breach of the peace statutes.

**Commonwealth v. Duncan**, 363 A.2d 803, 807 (Pa.Super. 1976). "An

intent to harass may be inferred from the totality of the circumstances."
***Commonwealth v. Cox***, 72 A.3d 719, 721 (Pa.Super. 2013) (quoting
***Commonwealth v. Lutes***, 793 A.2d 949, 961 (Pa.Super. 2002)).

Instantly, Mr. Hittle testified that he started to mow the grass, and Appellant "proceeded to come to me with a stake and was swinging it eight or nine times just missing my head." (N.T. Trial at 13). Mr. Hittle explained that Appellant swung the stake "like a baseball bat," and "at one point he stopped that stick right at my ear and said I will fucking kill you." (***Id.*** at 14-15). Here, Appellant's verbal threat of harm demonstrated the requisite intent to support the harassment conviction. ***See Commonwealth v. Duda***, 831 A.2d 728 (Pa.Super. 2003) (holding Commonwealth presented sufficient evidence to support harassment conviction where defendant's use of obscene language and death threats demonstrated that his phone calls to victim were made with intent to harass). Thus, Appellant is not entitled to relief on his second issue. ***See Tucker, supra***. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/3/21

- 9 -