J-A17045-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOSEPH HENRY CORNELLIER | : | |
| | : | |
| Appellant | : | No. 2604 EDA 2022 |

Appeal from the Judgment of Sentence Entered July 8, 2022
In the Court of Common Pleas of Pike County
Criminal Division at No(s): CP-52-CR-0000101-2019

BEFORE:   KING, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KING, J.:                    **FILED NOVEMBER 28, 2023**

Appellant, Joseph Henry Cornellier, appeals from the judgment of sentence entered in the Pike County Court of Common Pleas, following his negotiated guilty plea to disorderly conduct.[1] We affirm Appellant's conviction and amend his flat sentence of 90 days' imprisonment, which is illegal.

The trial court set forth the relevant facts and procedural history of this case as follows:

> On December 5, 2019, [Appellant] entered a guilty plea to a charge of simple assault. On January 31, 2020, [the trial court] entered an order marking [Appellant]'s guilty plea as withdrawn and vacating the scheduled sentencing hearing.
>
> On August 21, 2020, [Appellant] entered a guilty plea to [the summary offense] of disorderly conduct. [Appellant]

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 5503(a).

was represented by Attorney Thomas Sundmaker at the guilty plea proceeding. Attorney Sundmaker indicated that [Appellant] did not have his glasses and therefore, Attorney Sundmaker conducted an oral colloquy on the record. [Appellant] indicated that he discussed the guilty plea with Attorney Sundmaker, that he was aware of the nature of the charges against him and that he was guilty of the charge of disorderly conduct, and that his guilty plea was made voluntarily. [Appellant] indicated that he was aware of and understood that he was pleading guilty to a summary offense punishable by a statutory maximum of up to ninety (90) days of incarceration. The transcript of the proceedings on August 21, 2020, indicate[s] that an oral colloquy was conducted….

The matter was initially scheduled for a sentencing hearing on October 29, 2020. However, as there was no physical copy of [a signed, written] guilty plea colloquy conducted on August 21, 2020 in the record nor was there a copy scanned into the [c]ourt's electronic record of the case, the sentencing hearing was continued to December 10, 2020.

The sentencing hearing was continued many times over the next year. … Attorney Sundmaker … withdrew as counsel of record for [Appellant], and Attorney Thomas Mincer entered his appearance on behalf of [Appellant] on August 6, 2021.

On March 28, 2022, [Appellant] filed a motion to withdraw guilty plea. [The] court scheduled a hearing on the motion for July [3], 2022. At the hearing, [Appellant] testified that he was never made aware that he would receive a period of incarceration as his sentence. He testified that he has no recollection of entering into a guilty plea or of going through the oral guilty plea colloquy with Attorney Sundmaker on the record on August 21, 2020. He asserted that he was innocent of the charges against him. [Rachel Schuster, Appellant's fiancé, testified that she was not present at the plea hearing, but she participated in conversations with Attorney Sundmaker both prior to and shortly after the hearing and her understanding was that Appellant would only have to pay a fine. Ms. Schuster further testified that Appellant suffered a stroke shortly after he pled guilty.]

The motion to withdraw guilty plea was taken under advisement.

[The] court denied [Appellant]'s motion to withdraw guilty plea on July 8, 2022 and sentenced [Appellant] on the same date to be incarcerated in the Pike County Jail for a period of ninety (90) days. On July 12, 2022, [Appellant] filed a motion for reconsideration of sentence and denial of petition to vacate plea. [The] court denied the motion for reconsideration on [September] 19, 2022.

On October 11, 2022, [Appellant timely] filed his notice of appeal as to [the] court's orders dated July 8, 2022 and [September] 19, 2022. On October 13, 2022, [the] court ordered [Appellant] to file a concise statement of matters complained of on appeal. [Appellant] filed his concise statement on November 3, 2022.

(Trial Court Opinion, filed 11/18/22, at 1-3).

Appellant raises the following issues for our review:

Did the sentencing court abuse its discretion when it denied Appellant's petition to withdraw his guilty plea?

Was the oral guilty plea entered in this case defective?

(Appellant's Brief at 4).

In his issues combined, Appellant asserts that he demonstrated a fair and just reason to withdraw his plea. Specifically, Appellant states that he suffers from post-traumatic stress, depression, anxiety, and other physical and mental issues which affect his ability to make decisions. Appellant further avers that he does not recall the August 21, 2020 plea hearing due to short-term memory loss. Appellant contends that Ms. Schuster, who significantly assisted him to navigate the criminal process, testified that she was not present at the plea hearing but her understanding of the plea agreement prior

to and after the hearing was that Appellant would not face any time in prison. Appellant argues that Appellant's disabilities and Ms. Schuster's testimony show a fair and just reason to permit him to withdraw the plea. Appellant further contends that the Commonwealth failed to present any evidence to demonstrate that it would be substantially prejudiced by the withdrawal of the plea. Additionally, Appellant asserts that his plea colloquy was deficient because the court failed to inform Appellant that he is presumed innocent until proven guilty or that he has the right to file a motion to withdraw the plea. Appellant concludes that the court erred by denying his motion to withdraw his guilty plea, and this Court should vacate the judgment of sentence. We disagree.

As a general rule, the entry of a guilty plea constitutes a waiver of all defects and defenses except lack of jurisdiction, invalidity of the plea, and legality of the sentence. **See Commonwealth v. Main**, 6 A.3d 1026 (Pa.Super. 2010). This Court reviews the denial of a pre-sentence motion to withdraw a guilty plea for an abuse of discretion. **Commonwealth v. Gordy**, 73 A.3d 620 (Pa.Super. 2013). **See also** Pa.R.Crim.P. 591(A) (stating: "At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty").

"[T]he proper inquiry on consideration of such a withdrawal motion is

whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." ***Commonwealth v. Carrasquillo***, 631 Pa. 692, 706, 115 A.3d 1284, 1292 (2015).

> In the seminal case of ***Commonwealth v. Forbes***, 299 A.2d 268 (Pa. 1973), the Supreme Court set forth the standard for determining when a motion to withdraw a guilty plea prior to sentencing should be granted. The Court stated that "[a]lthough there is no absolute right to withdraw a guilty plea, properly received by the trial court, it is clear that a request made before sentencing . . . should be liberally allowed." 299 A.2d at 271. The Court then outlined the now well-established two[-]prong test for determining when to grant a pre-sentence motion to withdraw a plea: (1) the defendant has provided a "fair and just reason" for withdrawal of his plea; and (2) the Commonwealth will not be "substantially prejudiced in bringing the case to trial." ***Id.***

***Commonwealth v. Muhammad***, 794 A.2d 378, 382-83 (Pa.Super. 2002).

Additionally, "a defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea." ***Carrasqullio, supra*** at 705, 115 A.3d at 1292 (explaining that court should consider plausibility and sincerity of defendant's assertion of innocence, as well as circumstances surrounding pre-sentence motion to withdraw plea, including motivation and timing of request). "[B]oth the timing and the nature of the innocence claim, along with the relationship of that claim to the strength of the government's evidence, are relevant." ***Commonwealth v. Islas***, 156 A.3d 1185, 1190 (Pa.Super. 2017). A defendant's failure to establish a plausible claim of innocence renders

unnecessary a consideration of whether pre-sentence withdrawal of the guilty plea would substantially prejudice the Commonwealth. *Carrasqullio, supra* at 706 n.9, 115 A.3d at 1293 n.9 (declining to address prejudice to Commonwealth because defendant failed to assert plausible claim of innocence). *See also Commonwealth v. Hvizda*, 632 Pa. 3, 9, 116 A.3d 1103, 1107 (2015) (holding pre-sentence request to withdraw plea failed where defendant made only bare assertion of innocence).

Where a withdrawal request is based on an allegation that the plea colloquy was inadequate, we look to Rule of Criminal Procedure 590, which states that when considering a plea agreement: "The judge shall conduct a separate inquiry of the defendant on the record to determine whether the defendant understands and voluntarily accepts the terms of the plea agreement on which the guilty plea or plea of *nolo contendere* is based." Pa.R.Crim.P. 590(B)(2). The comment to Rule 590 sets forth the following information that the judge must ascertain in determining whether to accept a plea:

> (1)    Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?
>
> (2)    Is there a factual basis for the plea?
>
> (3)    Does the defendant understand that he or she has the right to trial by jury?
>
> (4)    Does the defendant understand that he or she is presumed innocent until found guilty?
>
> (5)    Is the defendant aware of the permissible range of

sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

(7) Does the defendant understand that the Commonwealth has a right to have a jury decide the degree of guilt if the defendant pleads guilty to murder generally?

Pa.R.Crim.P. 590 (Comment).

This Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. *See Muhammad, supra*. A guilty plea will be deemed valid if an examination of the totality of the circumstances surrounding the plea shows that the defendant had a full understanding of the nature and consequences of his plea such that he knowingly and intelligently entered the plea of his own accord. *See Commonwealth v. Rush*, 909 A.2d 805, 808 (Pa.Super. 2006). Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing and the defendant bears the burden of proving otherwise. *See Commonwealth v. Pollard*, 832 A.2d 517, 522-23 (Pa.Super. 2003). "A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Id.*

Instantly, the trial court determined that Appellant failed to demonstrate a fair and just reason to withdraw his plea. Specifically, the court decided

Appellant failed to establish that his physical and mental disabilities rendered him so incapable of making decisions such that his plea was involuntary. The court had the opportunity to observe and question Appellant at the plea hearing on August 21, 2020. Appellant did not make any statements or behave in any manner to indicate that Appellant was not knowingly and intelligently entering a plea of his own accord or suffering from any mental or physical disabilities that rendered him incapable of understanding the plea. The only medical issue mentioned at the hearing was that Appellant did not bring his glasses and was unable to read the written plea colloquy. This issue was addressed and remedied when Attorney Sundmaker indicated that he reviewed the written plea colloquy with Appellant and conducted an on-the-record oral plea colloquy.

Further, Appellant confirmed on the record that counsel reviewed the written plea colloquy with him, that he understood everything in the plea colloquy, and had no questions about anything that counsel reviewed with him. Appellant also acknowledged that he understood the rights he relinquished by pleading guilty, including his right to a trial by judge or jury and his limited appeal rights. Appellant stated that he understood the elements of the offense to which he was pleading guilty and admitted that there was a factual basis to support his guilt. Appellant also stated that he did not have any mental health issues and affirmed that he was entering the plea voluntarily. Appellant acknowledged that he understood that he could face up to 90 days of incarceration and that the court was not bound to accept

the terms of the plea agreement. Additionally, Appellant did not express any doubt or indecision about entering the guilty plea at the plea hearing. Appellant was also before the court on October 29, 2020, at his initially scheduled sentencing hearing, and did not in any way indicate that he wished to withdraw his plea. In fact, Appellant did not file a motion to withdraw the plea until March 28, 2022, which was over 19 months after he entered the plea.

Appellant is bound by the statements he made during the oral plea colloquy. *See Pollard, supra*. On this record, we see no error with the court's determination that Appellant failed to establish a fair and just reason to permit withdrawal of his plea. *See Muhammad, supra*. Regarding Appellant's claim that his plea colloquy was inadequate because the court failed to advise him about the presumption of innocence, Appellant failed to raise this particular claim in his Rule 1925(b) concise statement. Thus, Appellant has waived this claim. *See* Pa.R.A.P. 1925(b)(4)(vii) (stating: "Issues not included in the statement…are waived"). *See also Muhammad, supra* at 382 n.9 (holding appellant waived claim that he was not informed of presumption of innocence during his guilty plea colloquy by failing to include it in his Rule 1925(b) concise statement).

Additionally, Appellant has failed to establish that the plea was deficient because the court did not advise Appellant that he could file a motion to withdraw the plea. Appellant cites no legal authority to suggest that the court's failure to tell a defendant about the right to withdraw his plea renders

the plea colloquy so inadequate as to invalidate it. As such, this particular argument is waived. *See* Pa.R.A.P. 2119(a); ***Commonwealth v. Hakala***, 900 A.2d 404 (Pa.Super. 2006), *appeal denied*, 589 Pa. 737, 909 A.2d 1288 (2006) (stating failure to develop argument on appeal results in waiver). In any event, Appellant filed a motion to withdraw his plea, so the record confirms he was aware of this right, even if the court failed to specifically advise him of such. Under the totality of the circumstances, we discern no error with the court's denial of Appellant's motion to withdraw his plea. ***See Gordy, supra***; ***Rush, supra***; ***Muhammad, supra***.

Notwithstanding the propriety of the guilty plea, our review of the record shows that the court's July 8, 2022 judgment of sentence is legally infirm. ***See Commonwealth v. Randal***, 837 A.2d 1211 (Pa.Super. 2003) (*en banc*) (explaining challenges to illegal sentence may be raised by this Court *sua sponte*). Issues related to the legality of a sentence are questions of law. ***Commonwealth v. Diamond***, 945 A.2d 252, 256 (Pa.Super 2008), *appeal denied*, 598 Pa. 755, 955 A.2d 356 (2008). Our "standard of review is *de novo* and our scope of review is plenary." ***Id.***

The sentencing code provides that: "a court shall impose a minimum sentence of confinement which shall not exceed one-half of the maximum sentence imposed." 42 Pa.C.S.A. § 9756(b). "[F]or every sentence of total confinement, the trial court must impose both a maximum and minimum sentence." ***Commonwealth v. Barzyk***, 692 A.2d 211, 215 (Pa.Super. 1997)

- 10 -

(citing 42 Pa.C.S.A. § 9756(b)). "While the standard remedy for a trial court's omission of a minimum sentence is to vacate the judgment and remand for resentencing, … where the sentencing court clearly intended to impose the maximum sentence this Court can amend the sentence to include a minimum term equal to one-half of the maximum." ***Commonwealth v. Duda***, 831 A.2d 728, 733 (Pa.Super. 2003) (affirming judgment of sentence but amending flat sentence of 90 days' imprisonment for summary harassment to include minimum term equal to one half of maximum sentence or 45 days' imprisonment, where record confirmed that court clearly intended to impose maximum sentence).

Here, the court sentenced Appellant to a flat sentence of 90 days' imprisonment, which is illegal. ***See Barzyk, supra***. Nevertheless, it is clear from the record that the court intended to impose the maximum sentence.[2] As such, we can amend the sentence to include a minimum sentence equal to one-half of the maximum. ***See Duda, supra***. Accordingly, we affirm Appellant's conviction and amend Appellant's sentence to reflect a term of 45 to 90 days' imprisonment.

Judgment of sentence is affirmed as amended.

---

[2] The maximum sentence for the summary offense of disorderly conduct is 90 days (***See*** 18 Pa.C.S.A. § 1105), so it is clear the court intended to impose the maximum sentence.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>11/28/2023</u>